## 2007 OK 8

**In the Matter of the REINSTATEMENT OF Angela Dawn TRIMBLE to Membership in the Oklahoma Bar Association and to the Roll of Attorneys.**

### No. SCBD–5206.

Supreme Court of Oklahoma.

Feb. 20, 2007.

---

### ORDER

¶ 1 1. The petitioner, Angela Dawn Trimble, was admitted to the Oklahoma Bar Association on September 25, 1995, after successful examination. She received her Juris Doctorate from University of Tulsa School of Law on May 6, 1995.

¶ 2 2. From September 25, 1995 until June 1, 1996, the petitioner resided in Tulsa, Oklahoma and practiced law at 1717 South Boulder, Suite 910. On June 1, 1996, petitioner moved from Oklahoma to Kansas. Since moving to Kansas, the petitioner has resided at 3105 Faye, Parsons, KS 67357.

¶ 3 3. Petitioner was admitted to the practice of law in Kansas on April 25, 1997 after taking and successfully passing the Kansas bar examination. She is a member in good standing of the state bar of Kansas.

¶ 4 4. Petitioner voluntarily resigned her license to practice law in the State of Oklahoma on the 23rd day of February, 2005.

¶ 5 5. Since that time, petitioner has entered the private practice of law with the Spigarelli Law Firm in Pittsburgh, Kansas, and desires to have her license to practice law in Oklahoma reinstated.

¶ 6 6. On July 3, 2006, Angela Dawn Trimble filed a petition for reinstatement to membership in the Oklahoma Bar Association and to the Roll of Attorneys. She has not filed a petition for reinstatement to the Oklahoma Bar Association during the one-year period immediately preceding this application.

¶ 7 7. Pursuant to Rule 11.1(a), Rules Governing Disciplinary Proceedings, the petitioner attached an affidavit from the Tulsa County Court Clerk that she has not been attorney of record in any case filed in Tulsa County, Oklahoma since March, 2005. The petitioner also attached the required exhibit showing her activities and places of residence since her resignation.

¶ 8 8. The matter was heard before the Trial Panel of the Professional Responsibility Tribunal on September 11, 2006. Sworn testimony was taken from the petitioner and from the Bar's investigator, Dorothy Walos, and from Melissa Lambkins, a character witness for the petitioner. The tribunal reviewed the sworn affidavits of several character references in support of petitioner's reinstatement who vouched for her good moral character and her competency in the law. Evidence was introduced of Continuing Legal Education courses taken.

¶ 9 9. The Report of the Trial Panel filed September 26, 2006 unanimously recommends that the petitioner be reinstated to membership in the Oklahoma Bar Association. The report further states that the petitioner is current with her Kansas and Oklahoma Continuing Legal Education requirements and that she owes no outstand-

ing Oklahoma Bar Association membership dues or fines at this time.

¶ 10 10. The Oklahoma Bar Association has filed an application to assess costs in the amount of $237.35. The petitioner has agreed to pay the fees and expenses of investigation in processing her petition for reinstatement.

¶ 11 UPON DE NOVO CONSIDERATION OF THE MATTER WE FIND:

¶ 12 1. This reinstatement is governed by Rule 11, Rules Governing Disciplinary Procedure, 5 O.S.2001, Ch. 1, App.1–A. The petitioner has met all the procedural requirements necessary for reinstatement to the Oklahoma Bar Association under Rule 11.

2. The petitioner has established by clear and convincing evidence:

a) that she has not engaged in the unauthorized practice of law in the State of Oklahoma since her resignation;

b) that she possesses the competency and learning in the law required for reinstatement to the Oklahoma Bar Association; and

c) that she possesses the good moral character that would entitle her to be reinstated to the Oklahoma Bar Association.

¶ 13 **IT IS THEREFORE ORDERED** that the petition of Angela Dawn Trimble for reinstatement to membership in the Oklahoma Bar Association and to the Roll of Attorneys be granted. The petitioner is ordered to pay the costs of the proceeding, in the sum of $237.35, within thirty (30) days of the date of this order.

¶ 14 **DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 20th DAY OF FEBRUARY, 2007.**

/s/ James Winchester
  CHIEF JUSTICE

ALL JUSTICES CONCUR.